IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT GILLIAM, | : | CIVIL ACTION NO. |
| BOP Reg. # 12138-017, | : | 1:10-CV-02823-TWT-SSC |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| R A PURDUE, | : | HABEAS CORPUS |
|    Warden. | : | 28 U.S.C. § 2241 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner, currently confined at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), seeks via this 28 U.S.C. § 2241 habeas corpus action to require the Bureau of Prisons ("BOP" or "Bureau") to consider him immediately under the Second Chance of Act of 2007[1] ("the Second Chance Act") for placement in a Residential Re-Entry Center ("RRC") during the twelve months preceding April 30, 2014, his projected date of release from federal detention. (See Doc. 1 at 1-2, 18). Petitioner has been granted *in forma pauperis* status. [Doc. 8]. Respondent has filed a response to the petition [Doc. 9; Petitioner has not replied.[2]

**I.**     **Petition**

---

[1] The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (codified in scattered sections of 42 U.S.C.).

[2] Respondent notes that Jeffrey Keller, who has replaced R. A. Purdue as the warden of USP-Atlanta, is now the proper Respondent for this action. (Doc. 9 at 1 n.1). The Clerk is **DIRECTED** to adjust the style of this case accordingly. See Fed. R. Civ. P. 25(d).

1

Petitioner states that under the Second Chance Act the BOP is required to consider a federal prisoner for a placement of up to twelve months in an RRC. (See Doc. 1 at 1-2). Petitioner asserts, however, that on April 14, 2008, five days after the President signed the Second Chance Act into law, the Department of Justice issued a "Memorandum for Chief Executive Officers" stating that although "inmates must now be reviewed for pre-release RRC placements [of "a maximum allowable 12 months"] 17-19 months before their projected release dates," BOP "experience reflects [that an] inmate's pre-release RRC needs can usually be accommodated by a placement of six months or less." (Id. at 2-4). Petitioner also asserts that BOP Director Harley Lappin stated publicly on July 15, 2008, that BOP research indicates "that any time in an RRC beyond six months is not productive." (Id. at 5).

Petitioner acknowledges in his § 2241 petition that he has not exhausted his administrative remedies with respect to the claim he raises, but he argues at length "that he should be excused from exhausting the administrative remedies" under the "futility exception" to the "judicially-imposed" exhaustion requirement for § 2241 petitions because of "the position that Mr. Lappin and his staff ha[ve] taken on the issue." (See Doc. 1 at 11, 13-15; see generally id. at 9-18). Petitioner argues that "the consideration period under BOP policy of 17-19 months before the projected release date [to determine a prisoner's eligibility for RRC placement]

is set to prevent the Petitioner from having ample time for exhaustion of the internal remedies and the[n] taking his issue to court." (Id. at 17). Petitioner asks for an order that "the BOP in good faith . . . consider [him] on an individualize[d] basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624(c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.' § 3624(c)(6)(C)." (Id. at 18).

## II. **Response**

In his response, Respondent asks the Court to dismiss Petitioner's habeas corpus petition for two reasons: (1) Petitioner has failed to exhaust his administrative remedies, and (2) the petition is not ripe for judicial review. (See Doc. 9 at 3). Respondent appears to accept the possibility that administrative exhaustion may be excused as futile for a § 2241 petitioner, though he notes that the Eleventh Circuit "has never held that there is a futility exception," and argues that Petitioner "has not met his burden of demonstrating why, in this case, the court should decline to require him to exhaust administrative remedies." (Doc. 9 at 6-8 & n.4). Respondent notes that Director Lappin's comments in July 2008 pre-dated the BOP's interim regulations, which are consistent with 18 U.S.C. § 3624(c)(6) regarding the twelve-month maximum for pre-release RRC placement. (See id. at 9). Respondent states, "Petitioner seeks to challenge a forthcoming

discretionary review for pre-release placement into an RRC[; h]e is not challenging a predetermined rule or policy that prohibits the application of any discretion or judgment [and he] may very well receive [via the administrative process] the remedy he seeks." (Id.). Respondent also argues that because Petitioner filed his § 2241 petition more than forty-five months before his projected release date, well before the BOP was required to conduct an RRC placement evaluation, his petition is not ripe for judicial review. (See id. at 12). Respondent argues that "any hardship to Petitioner that may result from this Court's declining to rule on his Petition does not outweigh the Court's interest in avoiding entangling itself in an abstract and hypothetical disagreement between Petitioner and the BOP." (Id. at 13).

## III. Discussion

### A. The Second Chance Act and Community Confinement

The Second Chance Act altered the BOP's authority with respect to RRC placement decisions. Previously, 18 U.S.C. § 3624(c) directed as follows:

> The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

4

18 U.S.C. § 3624(c) (1996), amended by Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008). The Second Chance Act amended § 3624(c), which now provides as follows:

> (1) In general. The Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility [also known as an RRC].
> . . . .
>
> (4) No limitations. Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621.

18 U.S.C. § 3624(c)(1)-(4). The Second Chance Act also amended § 3624(c) to require:

> (6) Issuance of regulations. The Director of the [BOP] shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007[], which shall ensure that placement in a community correctional facility by the [BOP] is–
>
> (A) conducted in a manner consistent with section 3621(b)[3] of this title;
>
> (B) determined on an individual basis; and

---

[3] The BOP "may designate" that a prisoner be housed in a facility "that the Bureau determines to be appropriate and suitable, considering," among other things, "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b).

5

(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c)(6); see also Pub. L. No. 110-199, § 251(a), 122 Stat. 657.

As directed by § 3624(c)(6), the BOP amended its regulations on October 21, 2008, to provide for the placement of a federal prisoner in an RRC for up to twelve months. See 28 C.F.R. §§ 570.20-.21 (2012); 73 Fed. Reg. 62,440, 62,443 (Oct. 21, 2008) (codified at 28 C.F.R. part 570). Section 570.21 provides:

Time-frames.

(a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.

(b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

(c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

28 C.F.R. § 570.21(a)-(c).

### B. **Exhaustion of Administrative Remedies**

"[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.) (affirming dismissal of federal prisoner's 28 U.S.C. § 2241

6

petition for failure to exhaust administrative remedies), cert. denied, 541 U.S. 1036 (2004). The BOP, which is responsible for administering a federal prisoner's sentence, see Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992), has established a three-level administrative remedy procedure, which "[a]n inmate has not fully exhausted . . . until he has appealed through all three levels," Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (discussing 28 C.F.R. § 542.10, .13-.15), cert. denied, 516 U.S. 835 (1995).

A federal prisoner raising a habeas corpus challenge to the BOP's manner of executing his federal sentence must first exhaust the BOP's three-level administrative remedy procedure, and, generally speaking, a federal district court lacks jurisdiction over a prisoner's habeas corpus petition unless and until he has done so. See Gonzalez, 959 F.2d at 212 (affirming district court's dismissal of federal prisoner's unexhausted § 2241 petition because "[e]xhaustion of administrative remedies is jurisdictional," and rejecting petitioner's argument that exhaustion was unnecessary "because his presumptive release date had passed"); see also Winck v. England, 327 F.3d 1296, 1299, 1300 n.1 (11th Cir. 2003) (noting that " 'exhaustion of administrative remedies is jurisdictional[]' when a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241 for release from a federal prison") (citing Gonzalez, 959 F.2d at 212).

## C. Ripeness

"Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." Hodge v. Keller, No. 2:10cv284-MEF (WO), 2011 U.S. Dist. LEXIS 116731, at *3 (M.D. Ala. Sept. 7, 2011), adopted by 2011 U.S. Dist. LEXIS 113871 (M.D. Ala. Oct. 3, 2011). A prisoner's § 2241 petition seeking RRC placement before the BOP has had an opportunity to assess him for such placement—an assessment which under "the Second Chance Act" occurs "17-19 months before [the prisoner's] projected release date"—is not ripe for review. Id. (noting that at the time of filing, petitioner, who was more than 21 months from his release date assuming good conduct time, "was not close enough to the end of his sentence to qualify under the Second Chance Act for consideration for placement in an RRC for a portion of the remainder of his sentence" and finding no indication in the record "that an assessment regarding [petitioner's] placement in an RRC, or the duration of that placement, ha[d] been made" (citing Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 200 (1983))); see also Pac. Gas & Elec. Co., 461 U.S. at 200 ("The basic rationale of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its

effects felt in a concrete way by the challenging parties." (citation omitted) (internal quotations omitted)).

**D.     Analysis**

The district judge to whom this case is assigned previously declined to adopt a recommendation to excuse as futile a petitioner's failure to exhaust the BOP's administrative remedies before filing a § 2241 petition in which he sought, as Petitioner does here, to require the BOP to consider him immediately for placement into community confinement. See Opinion and Order at 1-3, Galaviz v. Zenk, No. 1:07-CV-671-TWT (N.D. Ga. Aug. 22, 2007), ECF No. 8 (declining to adopt Report and Recommendation and dismissing § 2241 petition because petitioner failed to exhaust BOP's administrative remedies and noting that although "[t]here is no Eleventh Circuit case precisely on point[,] . . . the Eleventh Circuit case law in close proximity weighs heavily in favor of requiring exhaustion of administrative remedies . . . [with] no futility exception" (citing Skinner, 355 F.3d at 1295; Irwin, 40 F.3d at 349 n.2)).

Based on the foregoing, the undersigned concludes that Petitioner may not challenge the BOP's failure to consider him for RRC placement until (1) the BOP has evaluated him for RRC placement or has missed its own deadline for doing so, and (2) Petitioner has exhausted the BOP's administrative remedies with respect to the BOP's RRC placement decision or with respect to the lack of an RRC

9

placement decision after the deadline for making that decision has passed. The record in this case reveals that none of these prerequisites to the Court's authority to consider Petitioner's § 2241 petition on the merits has yet occurred.[4]

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus [Doc. 1] be **DISMISSED without prejudice** because this matter is not ripe for judicial review and because Petitioner has failed to exhaust the BOP's administrative remedies with respect to his claim. Because a federal prisoner does not require a certificate of appealability (COA) to appeal the denial of a § 2241 petition, see Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir.), cert. denied, 540 U.S. 900 (2003), the undersigned offers no COA recommendation in this matter.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 27th day of August, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

---

[4] That such events have not occurred is certainly understandable, considering that the BOP is required by its own regulations to evaluate Petitioner for RRC placement 17-19 months before his projected release date of April 30, 2014, i.e., not before September 30, 2012. Petitioner executed and filed his § 2241 petition on July 20, 2010, more than two years before that date. (See Doc. 1 at 19).